# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ANGIE KESACK, as Parent and Natural Guardian of AJK, a minor,<br><br>Plaintiff,<br><br>v.<br><br>ROBLOX CORPORATION, EPIC GAMES, INC., MICROSOFT CORPORATION, MOJANG AB., and JOHN DOES 1-50,<br><br>Defendants. | Case No. 2:25-cv-06607-MRP |

## DEFENDANT EPIC GAMES, INC.'S MOTION TO COMPEL ARBITRATION AND TO STAY OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Defendant Epic Games, Inc. ("Epic") hereby moves this Court for an order staying Plaintiff Angie Kesack's claims against Epic, asserted in her capacity as parent and natural guardian of A.J.K., and compelling her to assert them, if at all, in binding arbitration pursuant to the *Fortnite* End User License Agreement ("EULA") and the Federal Arbitration Act ("FAA").

In the Complaint, Plaintiff alleges that A.J.K., her 12-year-old child, has become addicted to video games, including *Fortnite*, a video game developed by Epic. Epic brings this motion on the grounds that A.J.K. agreed to and is bound by Epic's EULA, in which they agreed to arbitrate any dispute that "relates to [A.J.K.'s] use or attempted use of Epic's products and services . . . generally[.]" (Decl. David Saunders Supp. Epic's Mot. Compel Arbitration ("Saunders Decl."), Ex. 12 (EULA) § 12.3.1.) The arbitration agreement is valid, binding, and

enforceable under the FAA. 9 U.S.C. § 1 et seq. Accordingly, Plaintiff should be compelled to arbitrate all causes of action she asserts in this matter.

In the alternative, Epic will and hereby does move this Court for an order transferring this case to the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. § 1404. When A.J.K. agreed to Epic's EULA, they agreed to "submit to the exclusive jurisdiction of the . . . United States District Court for the Eastern District of North Carolina" for "any Disputes deemed not subject to binding individual arbitration." (EULA § 11.) The EULA's forum selection clause is valid and should be enforced.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities in Support of Defendant Epic Games, Inc.'s Motion to Compel Arbitration and to Stay, or, in the Alternative, to Transfer Venue, Shaw Declaration, Rickert Declaration, all pleadings and papers filed in this action, and any such other matters as may be presented to the Court at the time of the hearing.

- 3 -

HUESTON HENNIGAN LLP

*/s/ Moez Kaba*
Moez Kaba (admitted *pro hac vice*)
1 Little W 12th Street, 2nd Floor
New York, NY 10014
Telephone: (213) 788-4340
Email: mkaba@hueston.com

Allison Libeu (admitted *pro hac vice*)
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92260
Telephone (213) 788-4340
Email: alibeu@hueston.com

Padraic Foran (admitted *pro hac vice*)
523 West 6th Street, Suite 400
Los Angeles, California 90014
Telephone: (213) 788-4340
Email: pforan@hueston.com

Adam Minchew (admitted *pro hac vice*)
1 Little W 12th Street, 2nd Floor
New York, NY 10014
Telephone: (646) 216-8466
Email: aminchew@hueston.com

FAEGRE DRINKER BIDDLE & REATH LLP

*/s/ Jonathan P. Boughrum*
Jonathan P. Boughrum
Edward J. DeLuca
1 Logan Square # 2000
Philadelphia, PA 19103
Telephone: (215) 988-2700
Email: jonathan.boughrum@faegredrinker.com
Email: edward.deluca@faegredrinker.com

*Attorneys for Defendant Epic Games, Inc.*