**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ANGIE KESACK, as Parent and Natural
Guardian of AJK, a minor,

       Plaintiff,

      v.

ROBLOX CORPORATION, EPIC GAMES,
INC., MICROSOFT CORPORATION,
MOJANG AB, and JOHN DOES 1-50,

       Defendants.

Case No. 2:25-cv-06607

Hon. Mia Roberts Perez

**DEFENDANTS MICROSOFT CORPORATION AND MOJANG AB'S REPLY IN
FURTHER SUPPORT OF THEIR
<u>MOTION TO COMPEL ARBITRATION AND STAY LITIGATION</u>**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    A.    Microsoft Defendants Have Demonstrated Kesack's and AJK's Direct
    Assent ................................................................................................................... 1

    B.    AJK Cannot Disaffirm the MSA While Continuing to Access Xbox
    Services .................................................................................................................. 4

    C.    AJK is Further Bound by Equitable Estoppel and Third-Party Beneficiary
    Status ..................................................................................................................... 5

    D.    Federal Law Preempts *Santiago* .......................................................................... 6

CONCLUSION ............................................................................................................................... 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Accu-Weather, Inc. v. Thomas Broad. Co.*,
625 A.2d 75 (Pa. Super. Ct. 1993) .......................................................................................3

*Aetna Cas. & Sur. Co. v. Duncan*,
972 F.2d 523 (3d Cir. 1992) ............................................................................................3, 4

*AT&T Mobility LLC v. Concepcion*,
563 U.S. 333 (2011) ..............................................................................................................7

*Battle v. Microsoft Corp.*,
2024 WL 4555687 (D. Md. Oct. 23, 2024) .........................................................................3

*C.M.D. v. Facebook, Inc.*,
2014 WL 1266291 (N.D. Cal. Mar. 26, 2014) ....................................................................5

*Checchia v. SoLo Funds, Inc.*,
771 F. Supp. 3d 594 (E.D. Pa. 2025) ..................................................................................1

*Coatney v. Ancestry.com DNA, LLC*,
93 F.4th 1014 (7th Cir. 2024) ..............................................................................................6

*Courtright v. Epic Games, Inc.*,
766 F. Supp. 3d 873 (W.D. Mo. 2025) .............................................................................4, 5

*E.K.D. ex rel. Dawes v. Facebook, Inc.*,
885 F. Supp. 2d 894 (S.D. Ill. 2012) ...................................................................................5

*Doe v. Samsung Elecs. Am., Inc.*,
2025 WL 1970245 (E.D. Pa. July 16, 2025) .......................................................................2

*Frank Spangler Co. v. Haupt*,
53 Pa. Super. 545 (1913) ......................................................................................................4

*Frank v. Volkswagenwerk, A.G. of W. Germany*,
522 F.2d 321 (3d Cir. 1975) .................................................................................................4

*G.G. v. Valve Corp.*,
2017 WL 1210220 (W.D. Wash. Apr. 3, 2017) ...................................................................5

*Graziani v. Randolph*,
887 A.2d 1244 (Pa. Super. Ct. 2005) ...................................................................................3

*Greer v. Penn Cent. & Baltimore & Ohio R.R.*
   1981 WL 207409 (Pa. Com. Pl. Apr. 20, 1981) .......................................................................4

*Griswold v. Coventry First LLC*,
   762 F.3d 264 (3d Cir. 2014)......................................................................................................5

*HealthplanCRM, LLC v. AvMed, Inc.*,
   458 F. Supp. 3d 308 (W.D. Pa. 2020)....................................................................................2, 5

*Litman v. Cellco P'ship*,
   655 F.3d 225 (3d Cir. 2011).......................................................................................................7

*Morrow v. Norwegian Cruise Line Ltd.*,
   262 F. Supp. 2d 474 (M.D. Pa. 2002) ........................................................................................6

*Pankas v. Bell*,
   198 A.2d 312 (Pa. 1962) ............................................................................................................4

*Pennsylvania Psychiatric Soc'y v. Green Spring Health Servs., Inc.*,
   280 F.3d 278 (3d Cir. 2002)........................................................................................................7

*Romanov v. Microsoft Corp.*,
   2021 WL 3486938 (D.N.J. Aug. 9, 2021) ..................................................................................3

*Saeedy v. Microsoft Corp.*,
   757 F. Supp. 3d 1172 (W.D. Wash. 2024)..................................................................................3

*Santiago v. Philly Trampoline Park, LLC*,
   291 A.3d 1213 (Pa. Super. Ct. 2023).........................................................................................3

*Santiago v. Philly Trampoline Park, LLC*,
   343 A.3d 995 (Pa. 2025) ................................................................................................. *passim*

*Sayers v. Activision Blizzard, Inc.*,
   2025 WL 2553735 (S.D. Ga. Sep. 4, 2025).................................................................................4

*Shelton v. Comcast Corp.*,
   2021 WL 214303 (E.D. Pa. Jan. 21, 2021) ................................................................................5

*Simensky v. Experian Info. Sols., Inc.*,
   2025 WL 3754509 (3d Cir. Dec. 29, 2025) .............................................................................1, 2

*State Farm Mut. Auto. Ins. Co. v. Skivington*,
   28 Pa. D. & C.4th 358 (Com. Pl. 1996)......................................................................................4

*Troshak v. Terminix Int'l Co., L.P.*,
   1998 WL 401693 (E.D. Pa. July 2, 1998)...................................................................................7

iii

*Troxel v. Granville*
530 U.S. 57 (2000)..................................................................................................................7

*Viking River Cruises, Inc. v. Moriana*,
596 U.S. 639 (2022)..............................................................................................................6

*Wert v. Manorcare of Carlisle PA, LLC*,
633 Pa. 260 (Pa. 2015)..........................................................................................................3

**Statutes**

Federal Arbitration Act, 9 U.S.C. §§ 1–16 ................................................................................6, 7

**Other Authorities**

3 Williston on Contracts § 7:14 (4th ed.)....................................................................................5

## INTRODUCTION

Plaintiff Angie Kesack and AJK are bound to arbitrate this dispute under the Microsoft Services Agreement ("MSA") and well-settled doctrines of direct assent, equitable estoppel, and third-party beneficiary. Plaintiff clings to a misinterpretation of the Pennsylvania Supreme Court's recent decision in *Santiago v. Philly Trampoline Park, LLC*, 343 A.3d 995 (Pa. 2025), contending it is "dispositive" and prohibits enforcement of the MSA's arbitration provision. Am. Opp. at 5. But *Santiago* did *not* create a bright-line rule voiding all arbitration agreements with minors and did *not* displace long-standing Pennsylvania contract-law principles of assent, estoppel, and third-party beneficiary. Nothing in Plaintiff's Amended Opposition displaces Microsoft Defendants' right to arbitration or Plaintiff's agreement to do so in exchange for the benefits of access to Microsoft Defendants' services—which Plaintiff continues to enjoy.

## ARGUMENT

### A.    Microsoft Defendants Have Demonstrated Kesack's and AJK's Direct Assent.

Plaintiff claims it is unclear who assented to the MSA to allow AJK to play games on Xbox. Courts applying Pennsylvania law use a preponderance of the evidence standard when determining whether parties agreed to arbitrate. *Simensky v. Experian Info. Sols., Inc.*, 2025 WL 3754509, at *2 (3d Cir. Dec. 29, 2025). Microsoft Defendants have met that standard.

Kesack and AJK first agreed to the MSA during account creation. Plaintiff concedes Microsoft Defendants have "shown" that she created the "███████████" Microsoft and Xbox accounts used by AJK. Am. Opp. at 11. She does not dispute that this required both her and AJK to "accept and agree to be bound" by the MSA. Scari Decl. Ex. G ¶ 4(a)(iii); *see also* Abbott Decl. ¶ 4; Scari Decl. ¶ 4. This undisputed evidence alone demonstrates an enforceable agreement to arbitrate under Pennsylvania law. *See Checchia v. SoLo Funds, Inc.*, 771 F. Supp. 3d 594, 612 n.8 (E.D. Pa. 2025) (compelling arbitration where app user undisputedly had to check box agreeing to

terms).

In addition, AJK independently agreed to the MSA multiple times when AJK continued to access Xbox services following explicit notice and acknowledgement of updated MSA terms. Microsoft sent regular notice of MSA updates to Kesack and AJK in connection with the "████████" accounts, most recently via an interrupt notice acknowledged on ████████. *See* Scari Decl. ¶¶ 7–10. AJK uses the "████████" accounts, as confirmed by Plaintiff and substantiated by Microsoft's records, which reflect gameplay in the alleged games, including on and around ████████. *See* Abbott Decl. ¶ 5(a). Plaintiff does not, and cannot, now dispute AJK's use of these accounts or offer any evidence that *anyone else* used the accounts. *Cf. Simensky*, 2025 WL 3754509, at *3 (reversing denial of motion to compel arbitration because mere "[s]peculation that someone else *may* have used [plaintiff's] credentials to open an account does not pass muster"). The preponderance of the evidence, indeed the only evidence before the Court, is that AJK was using the accounts and received notice of the MSA, including on ████████.[1] It is undisputed that AJK has continued to access Xbox services since then. Am. Compl. ¶ 14; Abbott Decl. ¶ 5(a); Scari Decl. ¶ 10(a).

Under Pennsylvania law, AJK's continued use following notice constitutes direct assent to the terms of the MSA. *See HealthplanCRM, LLC v. AvMed, Inc.*, 458 F. Supp. 3d 308, 334 (W.D. Pa. 2020) (continued use of website following notice of terms upon login constituted assent); *Doe*

---

[1]    Plaintiff argues that AJK cannot be compelled to arbitrate based on the "████████" Xbox account because of "how little it contains." Am. Opp. at 6. Plaintiff's argument is at odds with the sworn Amended Complaint, which alleges AJK began playing Minecraft, Roblox, and Fortnite on the Xbox platform around 2018 and has continued to play these games "at an increasing, uncontrollable, compulsive, and/or addictive pace." Am. Compl. ¶¶ 9, 13–14. Regardless, the account *is* sufficient to demonstrate Microsoft Defendants' right to arbitration where Plaintiff concedes that they have shown she created the account, agrees that AJK used it, and offers no rebuttal evidence.

*v. Samsung Elecs. Am., Inc.*, 2025 WL 1970245, at *3 (E.D. Pa. July 16, 2025) (continued use of phone following update of terms constituted assent); *Accu-Weather, Inc. v. Thomas Broad. Co.*, 625 A.2d 75, 78 (Pa. Super. Ct. 1993) (after receiving governing agreement, non-signatory manifested assent by continuing to use services).  Other states have applied analogous rules in cases involving the MSA specifically.  *Saeedy v. Microsoft Corp.*, 757 F. Supp. 3d 1172, 1198, 1202, 1211 (W.D. Wash. 2024) (compelling arbitration where plaintiffs assented to the MSA by continued use after notification); *Battle v. Microsoft Corp.*, 2024 WL 4555687, at *5–8 (D. Md. Oct. 23, 2024) (same).

Santiago v. Philly Trampoline Park, LLC*, 343 A.3d 995 (Pa. 2025), is not to the contrary. It says nothing about a minor's ability to directly assent to arbitration or any other agreement.  In fact, longstanding Pennsylvania law holds that minors' contracts are "voidable . . . not void," and are not "a nullity prior to any such disaffirmance."  *Aetna Cas. & Sur. Co. v. Duncan*, 972 F.2d 523, 526 (3d Cir. 1992) (citations omitted); *see also Graziani v. Randolph*, 887 A.2d 1244, 1252 (Pa. Super. Ct. 2005) (Klein, J., concurring) ("The starting point of analysis [of contracts involving minors] is the contract is valid and proof must be shown to negate that presumption.").  Even the *Santiago* Superior Court decision, which Plaintiff relies upon for her claim that minors like AJK cannot form contracts, states unequivocally that minors' contracts are "voidable," not "void *ab initio*."  *Santiago v. Philly Trampoline Park, LLC*, 291 A.3d 1213, 1224 (Pa. Super. Ct. 2023).

Plaintiff is wrong that it is Microsoft Defendants' burden to prove that AJK read or understood the MSA.  An individual who manifests assent to a contract is bound "regardless of whether he or she read and fully understood its terms."  *Wert v. Manorcare of Carlisle PA, LLC*, 633 Pa. 260, 278 (Pa. 2015); *see also Romanov v. Microsoft Corp.*, 2021 WL 3486938, at *4 (D.N.J. Aug. 9, 2021) (compelling arbitration and recognizing the MSA as "simple, clear,

understandable and easily readable").[2]  AJK assented to the MSA and is bound to its terms.

**B.      AJK Cannot Disaffirm the MSA While Continuing to Access Xbox Services.**

AJK's attempted disaffirmance of the MSA is also ineffective.  The right of disaffirmance under Pennsylvania law is a "shield" to protect minors from being taken advantage of, not a "sword" to be used to the minor's advantage, and its application is "limited by th[at] rationale." *Aetna*, 972 F.2d at 526 (quoting *Pankas v. Bell*, 198 A.2d 312, 315 (Pa. 1962)).  Minors such as AJK cannot disaffirm a contract while continuing to "exploit[]" the benefits of that contract. *Pankas*, 198 A.2d at 315.  AJK does not seek to escape from a contract entered due to a "lack of discretion"—but rather to selectively rewrite the MSA to one that suits AJK better. This is not permitted under Pennsylvania law.  *See Frank Spangler Co. v. Haupt*, 53 Pa. Super. 545, 546 (1913) ("An infant cannot disaffirm a contract and at the same time retain what he has received under it[.]" (citations omitted)); *Frank v. Volkswagenwerk, A.G. of W. Germany*, 522 F.2d 321, 329 (3d Cir. 1975) ("[W]e believe that the Pennsylvania courts would not allow a minor to disavow a release where she had received the benefits therefrom."); *Richard Greer, a minor by his parent & natural guardian, Agnes Greer, & Agnes Greer in her own right v. The Penn Cent. Transp. Co. & The Baltimore & Ohio R.R. Co.*, 1981 WL 207409 (Pa. Com. Pl. Apr. 20, 1981) ("[T]he law of our Commonwealth indicates that a minor who retains the settlement proceeds of a minor's compromise may not disavow a release upon reaching his or her majority." (citations omitted)), *aff'd sub nom. Greer v. Penn Cent. & Baltimore & Ohio R.R.*, 454 A.2d 175 (1982); *State Farm*

---

[2]      Courts have repeatedly rejected Plaintiff's argument that minors are incapable of contracting where they allege "video game addiction." *See, e.g.*, *Sayers v. Activision Blizzard, Inc.*, 2025 WL 2553735, at *12 (S.D. Ga. Sep. 4, 2025) ("No law supports Plaintiff's theory that an alleged video-game addiction can preempt parties from forming a contract."); *Courtright v. Epic Games, Inc.*, 766 F. Supp. 3d 873, 897 (W.D. Mo. 2025) (rejecting addiction incapacity argument based on "no case law" and "limited conclusory statements").

*Mut. Auto. Ins. Co. v. Skivington*, 28 Pa. D. & C.4th 358, 365 (Com. Pl. 1996) ("A minor may not disaffirm a part of a contract and ratify another part.").

These principles are not unique to Pennsylvania—rather, they are blackletter law in numerous states. *See* 3 Williston on Contracts § 7:14 (4th ed.) ("A minor may not retain the benefits of a contract and, at the same time, try to repudiate its obligations under the agreement." (collecting cases)). Indeed, multiple courts, applying principles consistent with Pennsylvania law, have accordingly rejected similar attempts at selective and tactical disaffirmance by minors. *See, e.g.*, *Courtright*, 766 F. Supp. 3d at 897; *E.K.D. ex rel. Dawes v. Facebook, Inc.*, 885 F. Supp. 2d 894, 900 (S.D. Ill. 2012); *G.G. v. Valve Corp.*, 2017 WL 1210220, at *3 (W.D. Wash. Apr. 3, 2017), *aff'd in relevant part*, *vacated on other grounds*, 799 F. App'x 557 (9th Cir. 2020); *C.M.D. v. Facebook, Inc.*, 2014 WL 1266291, at *4 (N.D. Cal. Mar. 26, 2014), *aff'd*, 621 F. App'x 488 (9th Cir. 2015). AJK has not disaffirmed the MSA and remains bound to its terms.

**C.      AJK is Further Bound by Equitable Estoppel and Third-Party Beneficiary Status.**

Plaintiff next asserts that equitable estoppel cannot apply because AJK is not asserting contract claims. Am. Opp. at 13–14. But that stands against clear authority that a non-signatory, as here, can "embrace" a contract for estoppel purposes "by knowingly seeking and obtaining direct benefits from that contract," separate and apart from asserting claims under that contract. *Griswold v. Coventry First LLC*, 762 F.3d 264, 272 (3d Cir. 2014) (citation omitted). In fact, courts routinely apply equitable estoppel in cases like this one. *See, e.g.*, *HealthplanCRM, LLC v. AvMed, Inc.*, 458 F. Supp. 3d 308, 329 (W.D. Pa. 2020) (use of software conditioned on acceptance of agreement constituted "direct benefit" justifying equitable estoppel); *Shelton v. Comcast Corp.*, 2021 WL 214303, at *5 (E.D. Pa. Jan. 21, 2021) (compelling arbitration where plaintiff knowingly exploited the agreement by using Comcast services and exercising control over account). The same outcome is warranted here. Indeed, *Santiago* noted that non-signatories may be bound to arbitrate

under third-party beneficiary and equitable estoppel theories.  *See* 343 A.3d at 1004.

*Coatney v. Ancestry.com DNA, LLC*, 93 F.4th 1014 (7th Cir. 2024), relied on by Plaintiff, is not to the contrary.  There, the court declined to apply equitable estoppel or third-party beneficiary theories because the minors had never interacted "with Ancestry's website in any way" and the contract at issue never purported to bind them.  *Id.* at 1018–19.  By contrast, Plaintiff alleges AJK repeatedly used, and continues to use, Xbox services since 2018 and, unlike in *Coatney*, the MSA expressly states that "[i]f you are the parent or legal guardian of a minor, you *and the minor* accept and agree to be bound by these Terms."  Scari Decl. Ex. A § 4(a)(iii) (emphasis added).  *Coatney* offers Plaintiff no support, and indeed underscores Microsoft Defendants' entitlement to arbitration.

**D.    Federal Law Preempts Santiago.**

Although the Court need not reach this issue—because the MSA is enforceable against AJK applying settled state-law principles of assent, equitable estoppel, and third-party beneficiary —*Santiago* is preempted by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16.  In *Santiago*, the court concluded arbitration "lacks the carefully constructed network of protections for the interests of the minor" offered by courts, including guardian appointment and judicial oversight, which "fundamentally changes the minors' rights . . . and thwarts their protection[.]"  343 A.3d at 1012.

This is precisely the hostility towards arbitration the FAA forbids.  "[A]n arbitration agreement is a specialized kind of forum-selection clause," which "does not alter or abridge substantive rights[.]"  *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 653 (2022) (quotations omitted); *see also Morrow v. Norwegian Cruise Line Ltd.*, 262 F. Supp. 2d 474, 476 (M.D. Pa. 2002) ("Plaintiff's counsel has not cited any cases, and this Court has not found even one, where a court refused to enforce a forum selection clause solely because the plaintiff was a minor.").  The

United States Supreme Court has rejected similar facially neutral state-law restrictions on federal arbitration rights. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 343 (2011) (explaining that FAA preempts state-law contract defenses applied to target arbitration). *Troshak v. Terminix Int'l Co., L.P.*, 1998 WL 401693 (E.D. Pa. July 2, 1998), which Plaintiff relies upon to buttress *Santiago*, was decided decades before *Concepcion* and is also inconsistent with its interpretation of the FAA.

In sum, *Santiago* offers no basis to defeat arbitration in this matter. *See Litman v. Cellco P'ship*, 655 F.3d 225, 231–32 (3d Cir. 2011) ("endors[ing] the District Court's decision to reject" New Jersey Supreme Court ruling as "preempted by the FAA"); *Santiago*, 343 A.3d at 1016 (Brobson, J., dissenting in part) (majority disfavors arbitration and "forecloses" parents from choosing it as a forum for their child's claims).[3]

## CONCLUSION

Microsoft and Mojang respectfully ask the Court to compel all claims against them to arbitration and to stay this action pending the outcome of those proceedings.[4]

---

[3] Because *Santiago* impermissibly substitutes the court's judgement for that of parents who might rationally prefer arbitration as a forum for their child's claims, it cannot stand under the Supreme Court's holding in *Troxel v. Granville*. *See* 530 U.S. 57, 68–71 (2000) (rejecting visitation statute that directly contravened "the traditional presumption that a fit parent will act in the best interest of his or her child") (citation omitted). Microsoft Defendants have standing to challenge *Santiago*'s constitutionality because they have suffered an injury-in-fact by denial of their contractual rights under the MSA, and satisfy the requirements for third-party standing because Kesack, who has a close relationship with Microsoft Defendants through the MSA, has no incentive to challenge *Santiago*, which she is invoking in this matter. *See generally Pennsylvania Psychiatric Soc'y v. Green Spring Health Servs., Inc.*, 280 F.3d 278 (3d Cir. 2002).

[4] Although Plaintiff states in her Amended Opposition that she opposes Microsoft Defendants' motion to seal, Am. Opp. at 4, she has represented to Microsoft Defendants, through counsel, that she does not in fact oppose that motion, or the motion to seal the instant Reply. In any event, Plaintiff's objection is moot because the motion was granted on March 12, 2026, over a week before her original Opposition was filed. (*See* Dkt. No. 56).

DATED: April 9, 2026

Respectfully submitted,

*/s/ Sozi Pedro Tulante*
Sozi Pedro Tulante (PA ID 202579)
Julia Chapman (PA ID 315959)
Dechert LLP, 2929 Arch Street
Philadelphia, PA 19104-2808
Telephone: 215-994-2090
sozi.tulante@dechert.com
julia.chapman@dechert.com

*Attorneys for Defendants Microsoft
Corporation and Mojang AB*

8

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of April, 2026, a copy of the foregoing document was served upon all counsel of record via the Court's electronic filing system.

*/s/ Sozi Pedro Tulante*
Sozi Pedro Tulante